Wm. Swenney *et al.* v. Samuel Gared Hill *et al.*
No. 13,706.    (77 Pac. 696.)

Error from Greenwood district court; G. P. Aikman, judge. Opinion filed July 7, 1904. Affirmed.

*Howard J. Hodgson,* and *Fuller & Jackson,* for plaintiffs in error.
*W. S. Marlin,* for defendants in error.

*Per Curiam:* On the first proceeding in error it was held that, the notes being given to plaintiffs and the mortgage securing them to another, the mortgagee was a necessary party to an action of foreclosure brought by the payees of the notes. (*Swenney v. Hill,* 65 Kan. 826, 70 Pac. 868.) When the case went back for a new trial the mortgagee was made a party. It was within the power of the court to allow the amendment, and proper to permit plaintiffs to show the real ownership of the mortgage and how it came to be drawn in favor of another. The objections to testimony in regard to the mistakes of the scrivener are not material. The rights of the plaintiffs were not affected by the foreclosure of the second mortgage, and as it does not appear that plaintiffs exercised the option given them to de-

clare the whole debt due until action was brought, there is nothing to show that it was barred.   The testimony offered did not constitute a defense to the action and the decision of the court in so holding was correct.

In the briefs attention is called to the form of the judgment, which did not provide for redemption as it should have done.   The petition in error, which specifically sets out the errors relied on, does not make the omission mentioned a ground of error, and, hence, it is not open to consideration now.   If an attempt be made to exclude defendants from the statutory right, the district court will doubtless, upon application, afford protection to the defendants.

The judgment is affirmed.